

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————x

SUSAN HANLEY,

                Plaintiff,

    - against -

CHICAGO TITLE INSURANCE CO., FIDELITY
NATIONAL FINANCIAL, INC., MARION
LATHAM and KAREN SUNI,

                Defendants.

————————————————————————x

**OPINION AND ORDER**

12 Civ. 4418 (ER)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: _6/24/13_

Appearances:

Bradford D. Conover
Molly Smithsimon
Conover Law Offices
New York, New York
*Attorneys for Plaintiff*

Andrew P. Marks
Emily B. Chaloner
Littler Mendelson, P.C.
New York, New York
*Attorneys for Defendants*

RAMOS, D.J.:

Plaintiff brings this employment discrimination suit for alleged violations under the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the New York State

Human Rights Law ("NYHRL"), N.Y. Exec. Law § 290 *et seq.* Defendants now move pursuant

to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the NYHRL

claim only for (1) lack of subject-matter jurisdiction over the individual defendants and (2) as

time-barred. In the alternative, Defendants move to dismiss the claim as against the individual

defendants for failure to adequately plead the requirements of the NYHRL. Doc. 7. For the reasons set forth below, Defendants' motion to dismiss is DENIED.

## I. BACKGROUND

### a. Facts

In 1984, Plaintiff Susan Hanley ("Plaintiff" or "Hanley") was recruited and hired by Defendant Chicago Title Insurance Company ("Chicago Title"). Compl. ¶¶ 13, 16, Doc. 1.[1] From 1999-2007, Plaintiff was employed in Chicago Title's Plant Service Department in White Plains, New York, and reported to Plant Services Manager Derek Brown ("Brown"), and to Defendant, Vice President and Southern New York Area Manager, Marion Latham ("Latham"). *Id.* ¶ 24. In a 2003 written Performance Evaluation approved by Latham, Brown ranked Plaintiff's job performance in all job categories as either satisfactory or exceeding expectations. *Id.* ¶ 25.

Beginning in 2008, Plaintiff began reporting to Defendant Karen Suni ("Suni"), Production Manager in the White Plains office. *Id.* ¶ 30. In March 2008, after the resignation of a fellow co-worker, Suni advised Plaintiff that she would need to "step up to the plate" and perform the co-worker's job functions, as well as her own. *Id.* ¶ 32. Between March and June 2008, Plaintiff was the only employee in Chicago Title's Plant Services Department in the White Plains office, and met or exceeded her supervisors' expectations in all job categories. *Id.* ¶ 33. Then, in June, Latham hired a new employee, Beth Burrell ("Burrell"), then age 41 and approximately 13 years younger than Plaintiff, to work with Plaintiff in the Plant Services Department in the White Plains office. *Id.* ¶ 34.

---

[1] In 2002, Chicago Title was purchased by Defendant Fidelity National Financial, Incorporated ("Fidelity"). *Id.* ¶ 14.

On July 14, 2008, Latham and Suni called Plaintiff into a meeting and advised Plaintiff, then age 54, that she was terminated effective immediately. *Id.* ¶ 35. Latham stated that she was being terminated because the Agency Department was being restructured and Plaintiff's job was being eliminated. *Id.* ¶ 36. Plaintiff then reminded Latham that she was employed by the Plant Services Department, not the Agency Department, and asked her why Chicago Title had hired Burrell the previous month to perform the same job functions that Plaintiff had been covering. Latham did not offer an explanation and responded, "[T]here is nothing I can do about it." *Id.* ¶¶ 37-38. According to Plaintiff, her job functions were not eliminated in the alleged Agency Department restructuring, but are instead being performed by Burrell. Plaintiff believes that the various and inconsistent explanations for her termination were false and a pretext for age discrimination. *Id.* ¶¶ 41, 43.

On October 6, 2008, less than three months after she was terminated, Plaintiff filed a charge against Chicago Title and Fidelity with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age. *Id.* ¶ 4; Declaration of Andrew P. Marks ("Marks Decl."), Ex. B, Doc. 9. Four years later, on April 10, 2012, the EEOC issued to Plaintiff a Notice of Right-to-Sue. Compl. ¶ 5; Marks Decl., Ex. C.[2]

### b. Procedural History

Plaintiff filed a Complaint on June 5, 2012, less than two months after she received the right-to-sue notice, alleging age discrimination under the ADEA against Chicago Title and Fidelity, and age discrimination under the NYHRL against all Defendants. Compl. ¶¶ 50-56. On October 23, 2012, Defendants moved for dismissal of the NYHRL claim for lack of subject-

---

[2] During the four year period, the EEOC conducted an investigation of Plaintiff's claim and was unable to conclude that the information it obtained established age discrimination. *Id.*

3

matter jurisdiction over the individual defendants, to dismiss the NYHRL claim as time-barred, and, in the alternative, to dismiss the NYHRL claim as against the individual defendants. Doc. 7; Defs.' Mem. 1-4, Doc. 8.

## II. DISCUSSION

### a. Standard of Review

Defendants' motion to dismiss relies on both Rules 12(b)(1) and 12(b)(6). "Courts are required to decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Spruill v. NYC Health & Hosp.*, 06 Civ. 11362, 2007 WL 2456960, at *1 (S.D.N.Y. Aug. 23, 2007), *aff'd sub nom. Spruill v. New York City Health & Hospitals Corp.*, 367 F. App'x 269 (2d Cir. 2010) (quoting *Magee v. Nassau County Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)) (internal citation marks omitted); *id.* (citing *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990)).

A Rule 12(b)(1) motion seeks dismissal for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss for lack of subject[-]matter jurisdiction . . . , a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998). Nevertheless, "[t]he burden of proving jurisdiction is on the party asserting it." *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir. 1996) (internal quotation marks omitted). In other words, "when the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Drakos,* 140 F.3d at 131. Accordingly, a court may consider affidavits and other

material beyond the pleadings to resolve jurisdictional questions under Rule 12(b)(1). *See*

*Robinson v. Gov't of Malaysia,* 269 F.3d 133, 141 n.6 (2d Cir. 2001).

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all

factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's

favor. *Famous Horse Inc. v. 5th Ave. Photo Inc.,* 624 F.3d 106, 108 (2d Cir. 2010). However,

the court is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the

elements of a cause of action." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint

must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"

*Id.* (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). More specifically, the

plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has

acted unlawfully." *Id.* If the plaintiff has not "nudged [his] claims across the line from

conceivable to plausible, [the] complaint must be dismissed." *Twombly,* 550 U.S. at 570; *Iqbal,*

556 U.S. at 680.

The question on a Rule 12(b)(6) motion "is not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v.*

*Nath,* 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (quoting *Villager Pond, Inc. v. Town of Darien,*

56 F.3d 375, 378 (2d Cir. 1995)). "[T]he purpose of Federal Rule of Civil Procedure 12(b)(6) 'is

to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for

relief without resolving a contest regarding its substantive merits,'" and without regard for the

weight of the evidence that might be offered in support of plaintiff's claims. *Halebian v. Berv,*

644 F.3d 122, 130 (2d Cir. 2011) (quoting *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 155 (2d Cir. 2006)).

The lapse of a statute of limitations period is an affirmative defense that a defendant must plead and prove. Fed. R. Civ. P. 8(c)(1). "However, a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Grosz v. Museum of Modern Art,* 772 F. Supp. 2d 473, 477 (S.D.N.Y. 2010), *aff'd,* 403 F. App'x 575 (2d Cir. 2010) (citing *McKenna v. Wright,* 386 F.3d 432, 436 (2d Cir. 2004)) (affirmative defense of qualified immunity); *see also id.* (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1226 (3d ed. 2004) ("[T]he current trend in the cases is to allow [the statute of limitations defense] to be raised by a motion to dismiss under Rule 12(b)(6) when the defect appears on the face of the complaint.")).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a district court generally must confine itself to the four corners of the complaint and look only to the allegations contained therein. *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). However, in ruling on a motion to dismiss an ADEA action, the Court may consider the EEOC administrative record. *Robinson v. Locke,* 11 Civ. 02480 (PAC) (DF), 2012 WL 1029112, at *5 (S.D.N.Y. Feb. 1, 2012), *report and recommendation adopted,* 11 Civ. 02480 (PAC) (DF), 2012 WL 1028814 (S.D.N.Y. Mar. 28, 2012); *id.* (citing *Holowecki v. Federal Express Corp.,* 440 F.3d 558, 565 (2d Cir. 2006), *aff'd,* 552 U.S. 389 (2008) ("In reviewing the Rule 12(b)(6) ruling, it is proper for this court to consider the plaintiff['s] relevant filings with the EEOC . . . , none of which were attached to the complaint, because the ... plaintiff[ ] rel[ies] on these documents to satisfy the ADEA's time limit requirements") and *Marshall v. Nat'l Ass'n of Letter Carriers,* Nos. 00 Civ. 3167 (LTS), 01 Civ. 3086 (LTS), 2003 WL 223563, at *8 n.3 (S.D.N.Y. Feb. 3, 2003) (considering Pre-

6

Complaint Counseling Form, EEOC Complaint, EEOC agency's final decision, and EEOC decision in ruling on a Rule 12(b)(6) motion)).

### b. The Court Has Subject-Matter Jurisdiction Over The NYHRL Claim Against Latham and Suni

Defendants argue that the claims against Defendants Latham and Suni should be dismissed because they were not named as employers in Plaintiff's EEOC charge and therefore the court lacks subject-matter jurisdiction over the NYHRL claim against them. *See* Defs.' Mem. 4. To commence a lawsuit under the ADEA, a plaintiff must first file a timely complaint with the EEOC and obtain a right-to-sue letter. *Esposito v. Deutsche Bank AG*, 07 Civ. 6722 (RJS), 2008 WL 5233590, at *6 (S.D.N.Y. Dec. 16, 2008) (citations omitted); *see also Wells v. Mt. Vernon Hosp.*, 01 Civ. 9129 (RCC), 2002 WL 1561099, at *2 (S.D.N.Y. Jul. 15, 2002) ("The filing of a timely charge with the EEOC is a statutory prerequisite to Title VII and ADEA claims."). Additionally, the current defendant must have been named as a defendant in the EEOC complaint. *Kilkenny v. Greenberg Traurig, LLP*, 05 Civ. 6578 (NRB), 2006 WL 1096830, at *3 (S.D.N.Y. Apr. 26, 2006); *id.* (citing *Gagliardi v. Universal Outdoor Holdings, Inc.*, 137 F. Supp. 2d 374, 379 (S.D.N.Y. 2001) ("Generally, in a case brought pursuant to the ADEA, a district court lacks subject matter jurisdiction over parties not named in an EEOC charge.")). If the defendant challenges plaintiff's compliance with this requirement, the plaintiff bears the burden of proving such compliance. *Wei Hong Zheng v. Wong*, 07 Civ. 4768 (FB) (JO), 2009 WL 2601313, at *3 (E.D.N.Y. Aug. 24, 2009). As stated above, this requirement is jurisdictional, *id.* (citing *Bridges v. Eastman Kodak Co.*, 822 F. Supp. 1020, 1023 (S.D.N.Y. 1993) ("[A] district court generally has subject matter jurisdiction only over actions against those individuals named as respondents in an EEOC charge" (citation omitted)), and accordingly, the

Court may consider matters outside the pleadings without converting the motion to one for summary judgment. *Id.* (citation omitted).

The purpose behind naming the defendant in the EEOC filing is that "the charge serves to notify the charged party of the alleged violation and also brings the party before the EEOC, making possible effectuation of the Act's primary goal of securing voluntary compliance with its mandates." *Manzi v. DiCarlo*, 62 F. Supp. 2d 780, 786 (E.D.N.Y. 1999) (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union,* 657 F.2d 890, 905 (7th Cir. 1981)) (internal quotation marks omitted). However, "[b]ecause these charges generally are filed by parties not versed in the vagaries of Title VII or the ADEA and its jurisdictional and pleading requirements," courts have taken a "flexible stance in interpreting Title VII's or the ADEA's procedural provisions." *Schade v. Coty, Inc.*, 00 Civ. 1568 (JGK), 2001 WL 709258, at *4 (S.D.N.Y. June 25, 2001) (quoting *Johnson v. Palma,* 931 F.2d 203, 209 (2d Cir. 1991)) (brackets and internal quotation marks omitted).

With "this two-fold purpose in mind, courts have recognized several exceptions to the rule that parties not named in the EEOC charge are not subject to suit in a private civil action." *Manzi*, 62 F. Supp. 2d at 786 (citation and internal quotation marks omitted). For example, the Second Circuit has recognized an exception to allow a plaintiff to proceed with an ADEA action against a party not named in the EEOC charge if "there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson,* 931 F.2d at 209; *see Jackson v. New York City Transit,* 05 Civ. 1763 (FBLB), 2005 WL 2664527, at *3 (E.D.N.Y. Oct. 19, 2005) (analyzing exception for an ADEA claim). To determine whether an "identity of interest" exists, a court must consider four factors:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; [and] 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Johnson,* 931 F.2d at 209-10. In addition to these four factors, "numerous courts have found that the Second Circuit in *Johnson* had also implied that another consideration is relevant to the identity-of-interest inquiry—whether, although not named as a respondent in the caption, the defendant is named in the body of the charges as having played a role in the discrimination." *Zustovich v. Harvard Maint., Inc.,* 2009 WL 735062, at *8 (S.D.N.Y. 2009) (citing *Tout v. Erie Comm. College,* 923 F. Supp. 13, 16 (W.D.N.Y. 1995)); *Bridges,* 822 F. Supp. at 1025). These factors are given equal weight. *Spruill v. NYC Health & Hosp.,* 06 Civ. 11362, 2007 WL 2456960, at *3 (S.D.N.Y. Aug. 23, 2007), *aff'd sub nom. Spruill v. New York City Health & Hospitals Corp.,* 367 F. App'x 269 (2d Cir. 2010) (citing *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1241-42 (2d Cir. 1995) (four factors of identity-of-interest exception are comparatively weighed)). As relates to the application of these factors to a NYHRL claim, the court in *Oshinsky v. New York City Housing Authority,* 98 Civ. 5467 (AGS), 1999 WL 553826 (S.D.N.Y. July 29, 1999), has implied that the *Johnson* factors might apply to a NYHRL claim after a federal claim has been dismissed. 1999 WL 553826, at *2.[3] Moreover, the parties here

---

[3] In *Oshinsky*, the court dismissed the Title VII claim against a particular defendant and then noted the following:

> The Second Circuit has held . . . that an individual who actually participates in the conduct giving rise to a discrimination claim may be held personally liable under the New York Human Rights Law. [*See Tomka v. Seiler Corp.,* 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds, Burlington Ind., Inc. v. Ellerth,* 524 U.S. 742 (1998).]

have argued for and against the application of the "identity of interest" exception in their respective submissions. Accordingly, the Court will engage in the *Johnson* factors analysis. Applying the factors to this case, the Court concludes that the identity of interest exception is applicable, and the claims against Latham and Suni should not be dismissed.

The first factor weighs against Plaintiff because she clearly was aware of Latham and Suni's conduct and could have named them in the administrative charge. Indeed, she makes reference to both parties in the body of her Affidavit in Support of the EEOC Charge. Marks Decl., Ex. B. *See Wills v. Key Food Stores Co-operative, Inc.*, 95 Civ. 5333 (SJ), 1997 WL 168590, at *7 (E.D.N.Y. Apr. 9, 1997); *Bridges*, 822 F. Supp. at 1024.

The second factor weighs in Plaintiff's favor because the interests of the named parties, Chicago Title and Fidelity, are essentially the same as the interests of its employees or agents. *See Tout,* 923 F. Supp. at 16 (holding that the interests of the employer are "essentially similar to those of . . . [their] agents or employees . . . ."); *Minetos v. City University of New York,* 875 F. Supp. 1046, 1051 (S.D.N.Y. 1995) ("As for the second factor, the interests of the named defendant, Hunter College, are essentially similar to those of CUNY and the Music Professor defendants. Hunter College is a senior college of the CUNY system while the Music Professors are agents of Hunter College."); *id.* (citing *Gilmore v. Local 295,* 798 F. Supp. 1030, 1038 (S.D.N.Y. 1992), *aff'd,* 23 F.3d 396 (2d Cir. 1994) (unnamed defendant, a regional field manager, had substantial identity with corporate defendant, who was named as respondent in

---

A district court lacks subject matter jurisdiction over a discrimination claim which has not first been brought before the EEOC or an authorized state agency. 42 U.S.C. § 2000e–5(e); [*Johnson,* 931 F.2d at 209]. Although plaintiff alleges that [the individual defendant] harassed her in 1989, she did not name him in the charge which she filed with DHR in 1990. Plaintiff does not argue that the *Johnson* "identity of interest" exception applies, and the Court finds that it does not. We therefore are without jurisdiction to entertain plaintiff's claim against [the individual defendant] arising under the state anti-discrimination law, and it is dismissed.

*Oshinsky,* 1999 WL 553826, at *2.

EEOC charge, because he was an agent of the corporate defendant)). This is evidenced, at least in part, by Chicago Title, Fidelity, Latham and Suni's joint legal counsel. *See Wills*, 1997 WL 168590, at *7 (citing *Goyette v. DCA Advertising, Inc.,* 830 F. Supp. 737, 748 (S.D.N.Y. 1993)).

As to the third factor, Latham and Suni have not presented any evidence of actual prejudice as a result of not being named in the administrative proceeding. Defendants merely state, "Latham and Sunni's [sic] absence from the EEOC proceeding prejudiced them because they were denied the opportunity to resolve the discrimination claim at the administrative [level], and because they were not alert to the need to preserve memories, witnesses or documents related to the case which may be crucial to their defense." Defs.' Mem. 14. In response, Plaintiffs argue that the involvement of the two individuals in the discrimination claim is limited to their capacity as agents of Chicago Title, and any documents, e-mails and the like were the property of Chicago Title and the duty to preserve such evidence belonged to the employer, and not to Latham and Suni. Pl.'s Opp. Mem. 20. The Court finds that Latham and Suni have failed to present evidence of actual prejudice as a result of not being named in the administrative proceedings. *Wills*, 1997 WL 168590, at *7; *Minetos,* 875 F. Supp. at 1051; *Tout,* 923 F. Supp. at 16.

"The fourth factor, as expressed in *Johnson,* goes to the court's concern over the closeness of the relationship between the unnamed and the named respondents in the EEOC charge." *Minetos,* 875 F. Supp. at 1052 (citing *Johnson,* 931 F.2d at 210). Latham and Suni are employees and agents of Chicago Title, and therefore a sufficiently close relationship between Chicago Title and the two individual plaintiffs exists for the latter to be proper defendants in this case. *Wills*, 1997 WL 168590, at *7 (finding "a sufficiently close relationship" between the corporate defendant and the individual defendant because the individual defendant was an

11

employee and agent of the corporate defendant).

Finally, with regard to the implicit fifth *Johnson* factor, Latham and Suni were named in Plaintiff's Affidavit in Support of the EEOC charge. Specifically, Plaintiff alleged that on July 14, 2008, Latham, Vice President and Southern New York Area Manager, and Suni, Plaintiff's then-supervisor, called her into a meeting and notified Plaintiff that her position was terminated effective immediately. Marks Decl., Ex. B, ¶ 14. When asked for an explanation for the termination, Latham did not provide Plaintiff with a satisfactory response. Plaintiff believes that Latham's explanation was a pretext for age discrimination. *Id.* ¶¶ 16-17. Defendants argue that Plaintiff's Affidavit alleges a pattern and practice of discrimination at Chicago Title that has "nothing to do" with Latham and Suni. Defs.' Mem. 15. They further contend that Plaintiff did not allege facts describing Latham and Suni's role in the alleged discrimination, other than notifying Plaintiff of termination of her employment, sufficient to put them on notice that they would be subject to suit. *Id.* Although the Affidavit does not clearly specify that Latham and Suni were responsible for the discriminatory conduct, Plaintiff does allege their involvement in providing a reason for her termination that Plaintiff asserts "was untrue and a pretext for age discrimination." Marks Decl., Ex. B, ¶ 17. *See Wills*, 1997 WL 168590, at *7 (in considering this additional factor, the court noted that the individual defendant, acting as plaintiff's supervisor, was alluded to in plaintiff's first EEOC complaint, and was specifically named in an SDHR submission).

In sum, the application of the *Johnson* factors, as well as the additional implied factor, leads the Court to conclude that the "identity of interest" exception to the requirement of naming a defendant in the administrative charge is appropriate here, and Defendants' motion to dismiss the claim against Latham and Suni for lack of subject-matter jurisdiction is DENIED.

### c. The NYHRL Claim is Not Time-Barred

Claims for age discrimination under NYHRL, N.Y. Exec. Law. § 296, are governed by a three-year statute of limitations. N.Y. C.P.L.R. § 214(2); *Murphy v. Amer. Home Prod. Corp.*, 448 N.E.2d 86, 93 (N.Y. 1983); *see also Esposito*, 2008 WL 5233590, at *4 (three-year statute of limitations applicable to claims under the NYHRL). However, under New York State law, the statute of limitations on a claim under NYHRL is tolled during the pendency of a complaint with the New York State Department of Human Rights ("SDHR"). N.Y. Exec. Law § 297(9) (providing that, where a complaint is filed with the SDHR and dismissed on the grounds of administrative convenience, the statute of limitations begins to run from the date of dismissal). Accordingly, the limitations period on a claim asserted under NYHRL does not begin to run until a charge is no longer pending with the SDHR. *Esposito*, 2008 WL 5233590, at *4.

Defendants argue that Plaintiff's NYHRL claim must be dismissed as time-barred because Plaintiff did not file the Complaint until June 5, 2012, more than three years after the acts alleged in the Complaint. Defs.' Mem. 1. Defendants assert that Plaintiff is not entitled to tolling of the statute of limitations because, for tolling to apply, Plaintiff must have filed her charge directly with the SDHR, and not the EEOC, as was the case here. *Id.* at 2 ("A complaint filed by the equal employment opportunity commission to comply with the requirements of 42 U.S.C. 2000e-5(c) and 42 U.S.C. 12117(a) and 29 U.S.C. 633(b) shall not constitute the filing of a complaint within the meaning of this subdivision," quoting N.Y. Exec. Law § 297(9)).

In response, Plaintiff argues that the statute of limitations on her NYHRL claim was tolled because a Work-Sharing Agreement ("WSA") in place between the EEOC and the SDHR specifically provides that charges that are timely received by the EEOC will be "automatically dual–filed" with the SDHR and vice versa. Pl.'s Opp. Mem. 7. Accordingly, complaints filed

13

with the EEOC "are deemed constructively to be cross-filed with the [SDHR]." *Sundaram v. Brookhaven Nat. Labs.*, 424 F. Supp. 2d 545, 565 (E.D.N.Y. 2006); *Manello v. Nationwide Mut. Ins. Co.*, 11 Civ. 0243 (SJF), 2012 WL 3861236, at *11 (E.D.N.Y. Sept. 4, 2012). Thus, by filing with the EEOC, Plaintiff is deemed to have filed her claim with the SDHR as well. [4]

Plaintiff here was terminated on July 14, 2008. The last act on which any claims are predicated, then, occurred no later than, if not before, July 14, 2008. In the absence of tolling of the statute of limitations, Plaintiff's NYHRL claim was untimely if filed after July 14, 2011.

"Although the Second Circuit has yet to definitively opine on the issue of whether the filing of a charge with the EEOC serves to automatically toll the statute of limitations on claims asserted under NY[HRL] . . . , numerous courts in this Circuit have held that the three-year statute of limitations applicable to claims under NY[HRL] . . . 'is tolled during the period in which a complaint is filed . . . with the EEOC.'" *Esposito*, 2008 WL 5233590, at *5 (ADEA and Title VII case tolling NYHRL age discrimination claim pursuant to § 296 during the period in which the complaint was filed with the EEOC) (quoting *Lee v. Overseas Shipping Corp.*, 00 Civ. 9682 (DLC), 2001 WL 849747, at *8 (S.D.N.Y. July 30, 2001)); *see also Celmer v. Livingston Int'l, Inc.*, 12 Civ. 00539, 2013 WL 951530, at **6-7 (W.D.N.Y. Mar. 12, 2013) (ADEA case tolling NYHRL age discrimination claim during the period in which the complaint was filed with the EEOC); *DeNigris v. New York City Health and Hospitals Corp.*, 861 F. Supp. 2d 185, 192 (S.D.N.Y. 2012) (three-year limitations period is tolled "for the period between the filing of an EEOC charge and the issuance by the EEOC of a right-to-sue letter," citing *Wilson v. New York*

---

[4] As the Second Circuit has held that a WSA has the same impact on litigants "as a statute or regulation," the Court properly takes judicial notice of the WSA. *Esposito*, 2008 WL 5233590, at *5 n.5. Section II.C. of the WSA states that "[c]harges that are received by the [SDHR] ... and jurisdictional with the EEOC and timely filed by the charging party ... will be automatically dual-filed with the EEOC and visa or versa." Declaration of Bradford D. Conover, Ex. D.

*City Police Dept.,* 2011 WL 1215735, at \*4 (S.D.N.Y. Mar. 25, 2011)); *Butler v. New York*

*Health & Racquet Club,* 768 F. Supp. 2d 516, 536 (S.D.N.Y. 2011) (ADEA and Title VII case

where court allowed tolling of age claim under § 296 during the period in which the complaint is

filed with the EEOC); *Siddiqi v. New York City Health & Hosp. Corp.,* 572 F. Supp. 2d 353, 373

(S.D.N.Y. 2008) (discussing that the statute of limitations on NYHRL claim "is tolled during the

period in which a complaint is filed with the EEOC").[5]

Alternatively, Defendants ask the Court to create a new rule and limit the tolling period to

only 60 days. In support of their argument, Defendants rely on *Wolf v. PRD Management, Inc.,*

11 Civ. 2736 (RMB) (JS), 2012 WL 1044504 (D.N.J. Mar. 27, 2012), *reconsideration denied,* 11

Civ. 2736 (RMB) (JS), 2012 WL 1623849 (D.N.J. May 8, 2012), where the court refused to

equitably toll the statute of limitations on a claim under the New Jersey Law Against

Discrimination for the entire period the EEOC took to investigate the plaintiff's ADEA charge.

2012 WL 1044504, at \*\*4-5; Defs.' Mem. 12. Relying on *Wolf,* Defendants argue that since a

plaintiff alleging age discrimination under the ADEA can theoretically file an action in court

after 60 days without securing a notice of right to sue, unlike a plaintiff in a Title VII case,

tolling on an ADEA claim should be limited to 60 days. *See* Defs.' Mem. 12. However, as

_____

[5] Defendants argue that several of the above-cited cases, "which rely on one another, are neither controlling nor persuasive," Defs.' Reply Mem. 1, and encourage the Court to "examine the issue as a matter of first impression." Defs.' Mem. 8; *see id.* at 3. While Defendants are correct that other cases in the Southern District of New York are not binding precedent on this Court, the Court finds the reasoning of those cases persuasive and declines to adopt Defendants' differing interpretation.

Relatedly, the matter is not one of first impression. As an example, the court in *Sloth v. Constellation Brands, Inc.,* 11 Civ. 6041T, 2013 WL 623502 (W.D.N.Y. Feb. 19, 2013), on a motion for reconsideration, considered defendants' argument that it had improperly calculated the tolling period for plaintiff's state law claims. According to the defendants, NYHRL claims may not be tolled while a plaintiff proceeds with a federal administrative complaint of discrimination. In support of this assertion, the defendants argued that the NYHRL does not authorize tolling of claims while an administrative complaint is pending before the EEOC, and that the cases relied on by the court in finding that such claims are tolled were incorrectly decided and poorly reasoned. *Id.* at 10. The court dismissed the defendants' argument and found that plaintiff's NYHRL claims were tolled from the time plaintiff filed her EEOC complaint to the time the EEOC issued a right-to-sue letter. *Id.* at 12.

correctly noted by Plaintiff, *Wolf* did not address N.Y. Exec. Law § 204 or § 297, but rather addressed New Jersey state law. Pl.'s Opp. Mem. 15. Further, Defendants have cited no authority in this Circuit in support of their argument, nor can the Court find such authority upon its review.

Accordingly, the tolling period began on October 6, 2008 when Plaintiff timely filed an EEOC complaint. She received her right-to-sue letter on April 10, 2012, which makes this action timely filed on June 5, 2012. Defendants' motion to dismiss Plaintiff's NYHRL claim as time-barred is DENIED.

### d. Individual Liability Under The NYHRL Is Adequately Pled

Defendants also argue that Plaintiff has failed to allege sufficient facts to state a claim against Latham and Suni under the NYHRL. The NYHRL prohibits "an employer" from engaging in unlawful discrimination. N.Y. Exec. Law § 296(1)(a). Under this provision, an individual can be held liable as "an employer" if he "actually participates in the conduct giving rise to a discrimination claim," or if he has an "ownership interest or . . . power to do more than carry out personnel decisions made by others," such as hiring or firing employees. *Tomka,* 66 F.3d at 1317; N.Y. Exec. Law §§ 296(1)(a), (6). According to Defendants, Plaintiff has failed to allege any facts suggesting that Latham and Suni participated in the discriminatory conduct, had any ownership interest in Chicago Title, or had the power to do more than carry out personnel decisions made by others. Defs.' Mem. 16.

Plaintiff has not alleged that either Latham or Suni have an ownership interest in Chicago Title. As to Suni, the Complaint states the following: (1) Suni was a Production Manager in Chicago Title's White Plains office; (2) beginning in 2008, Plaintiff reported to Suni; (3) as a result of a resignation at Chicago Title, Suni advised Plaintiff that she would need to "step up to

16

the plate" and perform the former employee's job functions as well as her own; (4) that Suni, along with Latham, called Plaintiff into a meeting and advised her that she was terminated effectively immediately; and (5) that Suni and Latham "participated in the discriminatory conduct and/or occupied supervisory positions with the power over [P]laintiff to do more than carry out personnel decisions made by others." Compl. ¶¶ 11, 30, 32, 35, 49. Here, even after construing the facts in the light most favorable to Plaintiff, it is not clear whether Suni had the authority to hire and fire her, or any other employee of Chicago Title. As noted by Defendants, Plaintiff's statement that Suni had the power to do more than carry out personnel decisions made by others is not supported by the allegations in the Complaint. *Stevens v. New York*, 691 F. Supp. 2d 392, 400-01 (S.D.N.Y. 2009); *Gentile v. Town of Huntington*, 288 F. Supp. 2d 316, 321 (E.D.N.Y. 2003); *see also Russell v. Aid to Developmentally Disabled, Inc.*, 12 Civ. 389 (DRH) (AKT), 2013 WL 633573, at *17 (E.D.N.Y. Feb. 20, 2013) (dismissing individual liability under § 296(1) where plaintiff failed to provide specific information about the defendants' job duties, responsibilities, or authority). Therefore, any individual liability under the NYHRL depends on whether Suni *actually participated* in the discriminatory conduct. In the Complaint, Plaintiff asserts that Suni, along with Latham, summoned Plaintiff to the July 14, 2008 meeting where she was terminated. While Plaintiff "has not directly alleged" that Suni "participated in any discriminatory actions towards [her], [her] allegations that [Suni was] at least in some way directly involved in [her] termination are sufficient to allow [her] claim[] against [Suni] to survive the motion to dismiss stage." *Stevens*, 691 F. Supp. 2d at 401 (denying dismissal of NYHRL claim against defendant whose only involvement was his presence at the meeting where plaintiff was terminated); *c.f. Cerrato v. Durham*, 941 F. Supp. 388, 391, 396 (S.D.N.Y. 1996) (holding that informing plaintiff that she had been terminated, while disclaiming responsibility

17

for the decision, was not akin to "direct [and] purposeful participation" for which courts have

held individuals liable as aiders and abettors under § 296(6)).[6]

With respect to Latham, the Complaint alleges that: (1) Latham was the Vice President

and Southern New York Area Manager for Chicago Title; (2) from 1999-2007, Plaintiff reported

to Latham and to another individual; (3) Latham approved a 2003 written Performance

Evaluation of Plaintiff; (4) in June 2008, Latham recruited and hired Burrell purportedly to work

with Plaintiff; (5) Latham, and Suni, called Plaintiff into a meeting and notified her that she was

terminated effectively immediately; (5) Latham told Plaintiff at the meeting that she was being

terminated because the Agency Department was being restructured and Plaintiff's job was being

eliminated; (6) after Plaintiff reminded Latham that she was not employed by the Agency

Department, and asked why Burrell had been hired to perform the functions that Plaintiff had

been covering, Latham did not offer an explanation and said "there is nothing I can do about it;"

and (7) Suni and Latham "participated in the discriminatory conduct and/or occupied supervisory

positions with the power over [P]laintiff to do more than carry out personnel decisions made by

others." Compl. ¶¶ 10, 24-25, 34-38, 49. Plaintiff here has adequately alleged that Latham had

the power to hire employees, as evidenced by her recruiting and hiring Burrell. Accordingly,

Defendants' motion for dismissal of the NYHRL claim against Latham and Suni is DENIED.[7]

---

[6] Plaintiff contends that when she was terminated, Suni and Latham met with her and made false statements about her position being eliminated. Pl.'s Opp. Mem. 23. However, the Complaint does not actually allege that Suni made a false statement about Plaintiff's position being terminated; it only alleges that Suni was present at the meeting where Plaintiff was told that she was terminated effective immediately. Compl. ¶ 35. The mere statement of termination is not what Plaintiff alleges was a false statement; the reasons given by Latham for Plaintiff's termination constituted the allegedly false statements.

[7] Defendants also ask the Court to decline to exercise supplemental jurisdiction over the NYHRL claim as against Latham and Suni pursuant to 28 U.S.C. § 1367(c). Defs.' Mem. 17. Under § 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if, *inter alia*, the claim raises novel or complex issues of state law and in "exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's (1) claim against

Latham and Suni for lack of subject-matter jurisdiction, (2) NYHRL claim as time-barred, and

(3) individual liability claim against Latham and Suni under NYHRL is DENIED.

SO ORDERED.

Dated:     June 21, 2013
           New York, New York


_____
Edgardo Ramos, U.S.D.J.

---

U.S.C. § 1367(c). Defendants argue that the claim against Latham and Suni "will be based on completely separate issues from [Plaintiff's] claims against the remaining corporate defendants[,] such as whether Latham and Suni are employers and whether they participated in any termination decisions." Defs.' Mem. 17. They further allege that "[l]itigating these issues will necessarily involve novel and complex issues of state law. Litigating this claim along with the claims against the corporate defendants will result in jury confusion and will prejudice Latham and Suni." *Id.* In support of their position, Defendants rely on *Ponticelli v. Zurich American Insurance Group*, 16 F. Supp. 2d 414 (S.D.N.Y. 1998). In *Ponticelli*, the Court declined to exercise supplemental jurisdiction over a NYHRL claim because it determined that the state law, whether employee supervisors could be held liable as aiders and abettors under the NYHRL, was unsettled and because of the potential for confusion on liability and remedies that would result from having the individual defendants in the case. *Id.* at 440. The Court here does not find the NYHRL claim to raise particularly complex or novel issues of state law, nor does it find that there is an overwhelming potential for jury confusion that will result in prejudice to Latham and Suni. Accordingly, the Court will retain supplemental jurisdiction over the NYHRL claim.